FRISBIE, Ex Parte.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Turney & Sipe, Cleveland, for petitioner.
Huggett & Hanna, Cleveland, opposed.

**413. DIVORCE AND ALIMONY—293. Contempt—1104. Statutes—291. Constitutional Law.**

1. Constitution permits imprisonment for failure to pay alimony.

2. Decree, for alimony, prima facie evidence of ability to pay.

3. Duty of court to grant hearing as to material change in circumstances before imprisoning husband for contempt for failure to pay alimony provided by 14 year old court order.

4. Sect. 12142 GC., held not applicable, affidavit setting forth facts constituting contempt not having been filed.

5. Under 12143 GC., failure to pay alimony must be willful in order to authorize imprisonment.

6. Alimony not debt, but allowance.

7. Passing of 14 years since order for alimony and remarriage of both parties, held to taint transaction with lack of good faith as to wife and require court to find failure to pay willful in order to authorize imprisonment of husband.

8. Sentence to jail for failure to pay alimony, which followed neither 12143 GC., nor 12143 GC., held improper.

9. Imprisonment for contempt, for failure to pay alimony, must be done in accordance with statutes.

SULLIVAN, P. J.

1. A finding for an order with respect to alimony is not a debt within the meaning of Const. Bill of Rights, Sect. 15, which forbids imprisonment for debt in civil actions.

2. As respects contempt, a simple decree as to alimony is prima facie evidence of abil-

ity to pay, for it assumes that, when court made the order, it was considered as a portion of property held under coverture, and subject to division under specific provisions of statute relating to alimony, and was not an indebtedness.

3. Where husband had been placed in jail as for contempt of court in failing to pay alimony, as provided by 14 year old court order, held that, before imprisoning for contempt for such default, pursuant to 12143 GC., that it was the duty of the court to grant a hearing as to whether there was such a material change in circumstances as to make it impossible for husband to conform to original order, and to find that he was capable of performing.

4. Sec. 12142 GC., relative to fine or imprisonment for contempt, held not applicable, where husband had been imprisoned for contempt in not complying with 14 year old alimony order, affidavit setting forth facts constituting contempt not having been filed.

5. Under 12143 GC., which provides that, when contempt consists in the omission to do an act which the accused can yet perform, he may be imprisoned until he performs it, failure to pay alimony must be willful in order to authorize imprisonment therefor.

6. Alimony is not a debt itself, but is an allowance.

7. Where husband was imprisoned for contempt of court in failure to obey 14 year old alimony order, that both parties had remarried, and 14 years had elapsed since order was made, held to so taint the transaction as to the wife, with lack of good faith as to require court to find that failure to pay was willful in order to authorize imprisonment of husband.

8. Sentence of husband to jail until the further order of the court, for contempt for failure to pay alimony, which sentence followed neither of the provisions of 12142 GC., relative to 10 day sentence or payment of fine, nor of section 12143, relative to confinement until payment to wife of amount ordered was made, held improper.

9. The common pleas court has power to order imprisonment for contempt of its order to pay alimony, but it must be done in accordance with the provisions of 12142 GC., or Sect. 12143.

(Vickery and Levine, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.